Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Richard R. Barker
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUL 2 6 2023

SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:23-CR-0031-TOR |
| Plaintiff, | Plea Agreement |
| v. | |
| XANDER LEE OSTENBERG, | |
| Defendant. | |

The United States of America, by and through Vanessa R. Waldref, United States Attorney the Eastern District of Washington, and Richard R. Barker, Assistant United States Attorney for the Eastern District of Washington, and Defendant Xander Lee Ostenberg ("Defendant"), both individually and by and through Defendant's counsel, Assistant Federal Defender John B. McEntire, IV, agree to the following Plea Agreement.

1.    Guilty Plea and Maximum Statutory Penalties

Defendant agrees to enter a plea of guilty to Count 6 of the Indictment filed on March 21, 2023, which charges Defendant with Assault Resulting in Substantial Bodily Injury to a Spouse, Intimate Partner, or Dating Partner in Indian Country, in violation of 18 U.S.C. §§ 113(a)(7), 1153, a Class D felony.

Defendant also agrees to plead guilty to two counts of Assault by Striking, Beating, or Wounding in violation of 18 U.S.C. § 113(a)(4), which are lesser-

PLEA AGREEMENT - 1

included offenses of Count 3 and Count 4 of the Indictment filed on March 21, 2023. Defendant understands that these are Class A misdemeanors.[1]

Defendant understands that by entering pleas of guilty to multiple charges, the Court has the discretion to impose consecutive sentences and that the total maximum penalties applicable are as follows:

      a.     a term of imprisonment of up to 7 years;

      b.     a term of supervised release of up to 3 years;

      c.     aggregate fines of up to $450,000;

      d.     restitution; and

      e.     $150 in special penalty assessments.

2.    <u>Supervised Release</u>

Defendant understands that if Defendant violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, up to the following terms:

      a.     2 years in prison if the offense that resulted in the term of Supervised Release is a class C or D felony, and/or

      b.     1 year in prison if the offense that resulted in the term of Supervised Release is a class A misdemeanor.

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of incarceration greater than the maximum sentence authorized by statute for Defendant's offense or offenses of conviction.

---

[1] *See Keeble v. United States*, 412 U.S. 205, 213 (1973).

PLEA AGREEMENT - 2

3.    The Court is Not a Party to this Plea Agreement

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

Defendant understands the following:

a.    sentencing is a matter solely within the discretion of the Court;

b.    the Court is under no obligation to accept any recommendations made by the parties;

c.    the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

d.    the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

e.    the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart upward or downward under certain circumstances; and

f.    the Court may reject recommendations made by the United States or Defendant, and that will not be a basis for Defendant to withdraw from this Plea Agreement or Defendant's guilty plea.

4.    Potential Immigration Consequences of Guilty Plea

If Defendant is not a citizen of the United States, Defendant understands the following:

a.    pleading guilty in this case may have immigration consequences;

b.    a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty;

PLEA AGREEMENT - 3

c.    removal from the United States and other immigration consequences are the subject of separate proceedings; and

d.    no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

5.    Waiver of Constitutional Rights

Defendant understands that by entering this guilty plea, Defendant is knowingly and voluntarily waiving certain constitutional rights, including the following:

a.    the right to a jury trial;

b.    the right to see, hear and question the witnesses;

c.    the right to remain silent at trial;

d.    the right to testify at trial; and

e.    the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

6.    Elements of the Offense

(a)    *Assault Resulting in Substantial Bodily Injury to a Spouse, Intimate Partner, or Dating Partner in Indian Country, in violation of 18 U.S.C. §§ 113(a)(7), 1153 – Count 6:*

PLEA AGREEMENT - 4

*First*, on or about February 5, 2023, Defendant assaulted T.R.P by intentionally striking her;

*Second*, as a result, T.R.P. suffered substantial bodily injury;

*Third*, T.R.P. was Defendant's intimate partner;

*Fourth*, the assault took place within the external boundaries of the Kalispel Reservation;

*Fifth*, Defendant is an Indian and an enrolled member of the Confederated Tribes of the Colville Reservation; and

Sixth, the Confederated Tribes of the Colville Reservation is a federally recognized tribe.

(b) *Assault by Striking, Beating, or Wounding in violation of 18 U.S.C. § 113(a)(4) – Lesser Included Offense of Count 3*

*First*, on or about February 5, 2023, in the Eastern District of Washington, Defendant assaulted R.L.P. by intentionally striking and/or wounding him;

*Second*, the offense was committed within the external boundaries of the Kalispel Indian Reservation, in Indian Country;

*Third*, Defendant is a member of the Confederated Tribes of the Colville Reservation; and

*Fourth*, the Confederated Tribes of the Colville Reservation is a federally recognized tribe.

(c) *Assault by Striking, Beating, or Wounding in violation of 18 U.S.C. § 113(a)(4) – Lesser Included Offense of Count 4*

*First*, on or about February 5, 2023, in the Eastern District of Washington, Defendant assaulted L.E.C. by intentionally striking and/or wounding him;

*Second*, the offense was committed within the external boundaries of the Kalispel Indian Reservation, in Indian Country;

PLEA AGREEMENT - 5

*Third*, Defendant is a member of the Confederated Tribes of the Colville Reservation; and

*Fourth*, the Confederated Tribes of the Colville Reservation is a federally recognized tribe.

7.    Factual Basis and Statement of Facts

The parties stipulate and agree that the following facts are accurate and the United States could prove these facts beyond a reasonable doubt at trial. The parties also agree these facts constitute an adequate factual basis for Defendant's guilty plea.

The parties further agree this statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Sentencing Guidelines computation or sentencing, unless otherwise prohibited in this Plea Agreement.

In February 2023, Defendant, who is an enrolled member of the Colville Tribe, was in a dating relationship with T.R.P. On February 5, 2023, Defendant and T.R.P. were together at T.R.P.'s grandparents' home on the Kalispel Reservation. Defendant and T.R.P started arguing, which caused T.R.P. to begin screaming. T.R.P.'s grandfather (R.L.P.) and a family friend (L.E.C.) were at the residence, and they attempted to aid T.R.P.

When the grandfather and the friend responded to T.R.P.'s screams, Defendant struck both men. First, Defendant hit the grandfather, who is age 67, in the head, causing him to fall to the ground and lose consciousness. Defendant then struck the family friend, who is age 53, knocking the friend to the ground. Defendant and the family friend (L.E.C.) then began fighting, with Defendant putting his hands around L.E.C.'s neck until L.E.C. was able to break free.

At this point, T.R.P. attempted to call police, but Defendant grabbed the phone away and hung up. Defendant then grabbed T.R.P. and dragged her out of

PLEA AGREEMENT - 6

the house. T.R.P. screamed and begged Defendant to stop. During the argument, Defendant also struck T.R.P.

Later that day, Pend Oreille County Sheriff's Deputies located Defendant's truck and pulled it over. Defendant and T.R.P were inside. Once separated from Defendant, T.R.P. confirmed to the Sheriffs' Deputies that Defendant assaulted her. T.R.P. was bleeding around her lips and nose. She was visibly shaking and had bruises on her face and body. The parties agree the bruising, bloody lip, and other injuries to T.R.P. constitute substantial bodily injury.

R.L.P. and L.E.C. suffered bodily injury and had to be treated for their injuries.

8.    The United States' Agreements

The United States Attorney's Office for the Eastern District of Washington agrees that, at sentencing, the United States will move to dismiss the greater and remaining counts of the Indictment filed on March 21, 2023, which include: Count 1, charging Defendant with Assault with a Dangerous Weapon in Indian Country in violation of 18 U.S.C. §§ 113(a)(3), 1153; Count 2, charging Defendant with Brandishing a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii); the greater charges in Counts 3 and 4, charging Defendant with Assault Resulting in Serious Bodily Injury in Indian Country in violation of 18 U.S.C. §§ 113(a)(6), 1153; and Count 5, which charges Kidnapping in Indian Country in violation of 18 U.S.C. §§1201, 1153.

The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in its possession at the time of this Plea Agreement that arise from conduct that is either charged in the Indictment or identified in discovery produced in this case, unless Defendant breaches this Plea Agreement before sentencing.

9.    United States Sentencing Guidelines Calculations

PLEA AGREEMENT - 7

Defendant understands the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") apply and that the Court will determine Defendant's advisory range at sentencing. The parties agree to the following Guidelines calculations:

a.    Base Offense Level

The parties agree that the base offense level for Assault Resulting in Substantial Bodily Injury to a Spouse, Intimate Partner, or Dating Partner in Indian Country is 7. *See* U.S.S.G. § 2A2.3(a)(1).

The parties also have not reached any agreement with respect to the appropriate offense level or relevant offense characteristics pertaining to the R.L.P. and L.E.C.

b.    Special Offense Characteristics

The parties agree Defendant's base offense level is increased by 4 levels because the offense involved physical conduct and an assault resulting in substantial bodily injury to a dating partner. *See* U.S.S.G. § 2A2.3(b)(1)(B).

The parties agree no other specific offense characteristics apply or will be sought.

c.    Adjustments

The parties have not reached an agreement with respect to any adjustments, including, but not limited to, restraint of victim (U.S.S.G., §3A1.3), and obstructing or impeding the administration of justice (U.S.S.G. §3C1.1).

d.    Acceptance of Responsibility

The United States will recommend Defendant receive up to a three-level downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), (b), if Defendant does the following:

i.    accepts this Plea Agreement;

ii.   enters a guilty plea at the first Court hearing that takes place after the United States offers this Plea Agreement;

PLEA AGREEMENT - 8

     iii.    demonstrates recognition and affirmative acceptance of Defendant's personal responsibility for Defendant's criminal conduct;

     iv.    provides complete and accurate information during the sentencing process; and

     v.    does not commit any obstructive conduct.

The parties agree that, at its option and on written notice to Defendant, the United States may elect not to recommend a reduction for acceptance of responsibility if, before sentencing, Defendant is charged with, or convicted of, any criminal offense, or if Defendant tests positive for any controlled substance.

    e.    <u>No Other Agreements</u>

The parties have no other agreements regarding the Guidelines or the application of any Guidelines enhancements, departures, or variances. Defendant understands and acknowledges the United States is free to make any sentencing arguments it sees fit, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Agreement, and Defendant's relevant conduct.

    f.    <u>Criminal History</u>

The parties have no agreement and make no representations about Defendant's criminal history category, which will be determined by the Court after the United States Probation Office prepares and discloses a Presentence Investigative Report.

10.    <u>Incarceration</u>

The United States agrees to recommend a sentence no higher than six years. Defendant may recommend any legal sentence.

11.    <u>Supervised Release</u>

The parties agree to recommend 3 years of supervised release. Defendant agrees the Court's decision regarding the conditions of Defendant's Supervised

PLEA AGREEMENT - 9

Release is final and non-appealable; that is, even if Defendant is unhappy with the conditions of Supervised Release ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or any term of Supervised Release.

The parties agree to recommend that, in addition to the standard conditions of supervised release imposed in all cases in this District, the Court should also impose the following conditions:

a.   The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

b.   Defendant shall participate and complete such drug testing and drug treatment programs as the Probation Officer directs.

c.   Defendant shall complete mental health evaluations and treatment, including taking medications prescribed by the treatment provider. Defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. Defendant shall contribute to the cost of treatment according to the Defendant's ability.

12.   Criminal Fine

The parties agree to recommend the imposition of a fine be waived.

13.   Abandonment

Defendant agrees to abandon the following listed assets to the Federal Bureau of Investigation (FBI):

- a Bergara .300 Win Mag, serial number 61-06-054137-22

The Defendant agrees to take all steps as requested by the United States and FBI to effectuate the abandonment of the assets to FBI and hereby agrees to

PLEA AGREEMENT - 10

execute any and all forms and pleadings necessary to effectuate such abandonment. Defendant consents to the disposal, including destruction, of the assets.

The Defendant waives any right he might otherwise have had to receive notice or a hearing with respect to any motion, pleading, order, or any other action that FBI might take, in its sole discretion, to carry out the abandonment, disposition, and destruction of the assets. Defendant's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, disposition, and destruction of assets, including any such claim for attorney fees and litigation costs.

14.    Mandatory Special Penalty Assessment

Defendant agrees to pay the $150 in mandatory special penalty assessments to the Clerk of Court for the Eastern District of Washington. *See* 8 U.S.C. § 3013.

15.    Restitution

The parties agree restitution is mandatory, without regard to Defendant's economic situation, to identifiable victims who have suffered physical injury or pecuniary loss. *See* 18 U.S.C. §§ 3663A, 3664.

Pursuant to 18 U.S.C. § 3663(a)(3), Defendant voluntarily agrees to pay restitution for all losses caused by Defendant's individual conduct charged in the Indictment, regardless of whether counts associated with such losses will be dismissed as part of this Plea Agreement. With respect to restitution, the parties agree to the following:

a.    Restitution Amount and Interest

The parties agree that, pursuant to 18 U.S.C. §§ 3663, 3663A and 3664, the Court should order restitution in an amount to be determined at sentencing, and that any interest on this restitution amount, if any, should be waived.

b.    Payments

If restitution is ordered, the parties agree the Court will set a restitution

PLEA AGREEMENT - 11

payment schedule based on Defendant's financial circumstances. *See* 18 U.S.C. § 3664(f)(2), (3)(A). Regardless, Defendant agrees to pay not less than 10% of Defendant's net monthly income towards restitution.

c.    <u>Treasury Offset Program and Collection</u>

Defendant understands the Treasury Offset Program ("TOP") collects delinquent debts owed to federal agencies. If applicable, the TOP may take part or all of Defendant's federal tax refund, federal retirement benefits, or other federal benefits and apply these monies to Defendant's restitution obligations. 26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

Defendant understands that the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure the restitution obligation is satisfied, including, but not limited to, garnishment of available funds, wages, or assets. *See* 18 U.S.C. §§ 3572, 3613, and 3664(m).

Nothing in this acknowledgment shall be construed to limit Defendant's ability to assert any specifically identified exemptions as provided by law, except as set forth in this Plea Agreement.

Until Defendant's fine and restitution obligations are paid in full, Defendant agrees fully to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party.

Until Defendant's fine and restitution obligations are paid in full, Defendant agrees to provide waivers, consents, or releases requested by the U.S. Attorney's Office to access records to verify the financial information.

d.    <u>Notifications and Waivers</u>

Defendant agrees to notify the Court and the United States of any material change in Defendant's economic circumstances (e.g., inheritances, monetary gifts, changed employment, or income increases) that might affect Defendant's ability to pay restitution. 18 U.S.C. § 3664(k). Defendant also agrees to notify the United

PLEA AGREEMENT - 12

States of any address change within 30 days of that change. *See* 18 U.S.C. § 3612(b)(1)(F). These obligations cease when Defendant's fine and restitution obligations are paid in full.

16. <u>Payments While Incarcerated</u>

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn money toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

17. <u>Additional Violations of Law Can Void Plea Agreement</u>

The parties agree that the United States may, at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its sentencing recommendation if, before sentencing, Defendant is charged with or convicted of any criminal offense or tests positive for any controlled substance.

18. <u>Waiver of Appeal Rights</u>

Defendant understands that Defendant has a limited right to appeal or challenge Defendant's conviction and the sentence imposed by the Court.

Defendant waives all rights to appeal his conviction, as well as the sentence the Court imposes.

Defendant reserves the right to appeal any restitution amount exceeding $10,000.

Defendant waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

PLEA AGREEMENT - 13

19.    Withdrawal or Vacatur of Defendant's Plea

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

a.    this Plea Agreement shall become null and void;

b.    the United States may prosecute Defendant on all available charges;

c.    The United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

d.    the United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim that the United States has violated Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

20.    Integration Clause

The parties acknowledge that this document constitutes the entire Plea Agreement between the parties, and no other promises, agreements, or conditions exist between the parties concerning the resolution of the case.

PLEA AGREEMENT - 14

This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities.

The parties agree that this Agreement cannot be modified except in a writing that is signed by both parties.

<u>Approvals and Signatures</u>

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____          _____
Richard R. Barker                                    Date
First Assistant United States Attorney

7/25/23

I have read this Plea Agreement and I have carefully reviewed and discussed every part of this Plea Agreement with my attorney. I understand the terms of this Plea Agreement. I enter into this Plea Agreement knowingly, intelligently, and voluntarily. I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement. No one has threatened or forced me in any way to enter into this Plea Agreement. I agree to plead guilty because I am guilty.

_____          _____
Xander Lee Ostenberg                                Date
Defendant

7-26-23

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's

PLEA AGREEMENT - 15

decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's guilty plea.

_____
John B. McEntire, IV
Attorney for Defendant

7/25/23
_____
Date

PLEA AGREEMENT - 16